O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| PAULA F. GONZALEZ, ) | Case No. EDCV 11-1639-MLG |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| v. ) | |
| MICHAEL J. ASTRUE, ) Commissioner of the Social ) Security Administration, ) | |
| Defendant. ) | |

Plaintiff Paula Gonzalez seeks judicial review of the Social Security Commissioner's denial of her application for disability insurance benefits ("DIB") and Social Security Disability Insurance ("SSDI") benefits. For the reasons set forth below, the decision of the Commissioner is affirmed and the action is dismissed with prejudice.

**I.   Facts and Procedural Background**

Plaintiff was born on June 7, 1958. (Administrative Record ("AR") at 65.) She earned a GED and has work experience as a care giver and real estate agent. (AR at 171, 173.) Plaintiff filed her applications for benefits on January 23, 2009, alleging disability

1

beginning January 31, 2008, due to hepatitis and affective mood disorder. (AR at 65, 66.) Her application was denied initially on May 14, 2009 and upon reconsideration on September 9, 2009. (AR at 79-82, 86-91.) An administrative hearing was held on October 19, 2010, before Administrative Law Judge ("ALJ") Sharilyn Hopson. Plaintiff, represented by a non-attorney representative, testified as did vocational and medical experts. (AR at 27-64.)

ALJ Hopson issued an unfavorable decision on November 22, 2010. (AR at 8-17.) The ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disorder in L5-S1 of the lumbar spine; early osteoarthritis of the right hip; previous cruciate ligament repair; early osteoarthritis of the right knee; hepatitis C; status-post surgery of the left knee; and depression. (AR at 10.) However, these severe impairments did not meet the requirements of a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.)

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c) as follows: "the claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently; she can stand, walk, and/or sit for 6 hours in an 8-hour workday, with normal breaks such as every 2 hours with a sit or stand option (she should be allowed to change positions with no anticipated loss of productivity time); she can only occasionally push and/or pull with her left leg, but no limitations with her right leg; the claimant can occasionally bend, kneel, crouch, crawl and stoop; she can climb stairs but she cannot climb ladders, work at heights or balance; the claimant can do simple and repetitive tasks; she could

have occasional public contact; but she is precluded from tasks that are fast-paced work or requiring hypervigilance." (AR at 11.) The ALJ concluded that although Plaintiff could not perform any past relevant work, there were jobs in the national economy which Plaintiff could perform, such as office helper, hand packager, and a small products assembler II. (AR at 16.) Therefore, she found that Plaintiff was not disabled under the Social Security Act. (AR at 17.)

The Appeals Council denied review on August 25, 2011 (AR at 1-3), and Plaintiff commenced this action for judicial review. On April 10, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues, including the following claims of error: (1) the ALJ erred in evaluating Plaintiff's credibility and subjective testimony; and (2) the ALJ failed to properly consider the lay testimony. (Joint Stip. at 2.) Plaintiff asks the Court to reverse and order an award of benefits, or in the alternative, remand for further administrative proceedings. (Joint Stip. at 17.) The Commissioner requests that the ALJ's decision be affirmed. (Id.)

**II. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a

preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

    **A.   The ALJ Properly Evaluated Plaintiff's Subjective Symptom Testimony**

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for discrediting her subjective symptom testimony. (Joint Stip. at 3.) Plaintiff testified at the administrative hearing to the following symptoms and functional limitations: she suffers from pain due to problems with the discs in her neck and back; she has hepatitis C, which makes her lethargic; she suffers from depression and has twice attempted suicide; she has nuts and bolts in her knee that have fallen apart and she needs similar surgery in her other knee; and she can sit and/or stand for about 20 minutes before having to change positions. (AR at 31-33, 49-53.)

//

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter* 504 F.3d at 1035-36). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain is reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[1]

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence

---

[1] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of the claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. *Id.* (citations omitted).

Here, the ALJ concluded that Plaintiff's medically determinable impairments "could reasonably be expected to cause the alleged symptoms." (AR at 13.) However, the ALJ rejected Plaintiff's description of her symptoms "to the extent they [were] inconsistent" with the ALJ's assessment that Plaintiff retained the RFC to perform medium work with certain limitations. (Id.) Because there was no evidence of malingering, the ALJ was therefore required to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective allegations of pain and functional limitations.

The ALJ provided three reasons for rejecting Plaintiff's testimony, each of which is substantially supported by the record. First, the ALJ found that Plaintiff was not fully credible because she admitted that she stopped working as a real estate agent because of the economy, not because she was no longer able to work due to her alleged impairments. Plaintiff also stated that after losing her job as a real estate agent, she subsequently looked for

6

employment. (AR at 12, 30-31, 167.) *See Bruton v. Massanari*, 268 F.3d 824, 826 (9th Cir. 2001) (holding that ALJ properly considered fact that claimant stopped working because he was laid off, not because of a medical disability).

The ALJ also noted that Plaintiff admitted that she had not had any psychiatric treatment nor was she taking any medication. (AR at 12, citing AR at 47.) An ALJ may properly rely on "unexplained or inadequately explained failure to seek treatment or to follow a course of treatment" in assessing credibility. *See Tommasetti v.* Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (finding that claimant's allegations of persistent, severe pain and discomfort belied by "minimal conservative treatment"); *see also Flaten v. Secretary*, 44 F.3d 1456, 1464 (9th Cir. 1995) (ALJ permitted to draw rational inferences from treatment history).

Finally, the ALJ noted that Plaintiff's ability to perform various activities of daily living was at odds with her claims of disabling pain. (AR at 13.) The ALJ noted that Plaintiff could run errands, drive, manage her personal care, wash dishes, prepare her own meals, do laundry, vacuum, load the dishwasher, and shop for groceries. (AR at 12-12.) Although a claimant "does not need to be 'utterly incapacitated' in order to be disabled," *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001), the ability to perform certain activities of daily life can support a finding that the claimant's reports of his or her impairment are not fully credible. *See Bray v. Comm'r of Soc. Sec. Admin*., 554 F.3d 1219, 1227 (9th Cir. 2009); *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal

7

needs, prepare easy meals, do light housework and shop for some groceries ... may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing *Fair*, 885 F.2d at 604).

The ALJ made specific findings articulating clear and convincing reasons for his rejection of Plaintiff's subjective testimony. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). It is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. *Magallanes v. Brown*, 881 F.2d 747, 750 (9th Cir. 1989). A reviewing court may not second-guess the ALJ's credibility determination when it is supported by substantial evidence in the record, as here. *See Fair*, 885 F.2d at 604. It was reasonable for the ALJ to rely on the reasons stated above, each of which is fully supported by the record, in rejecting the credibility of Plaintiff's subjective complaints. In sum, the ALJ reasonably and properly discredited Plaintiff's subjective testimony regarding the severity of her symptoms as not being wholly credible.

**B.   The ALJ Properly Considered the Lay Witness's Statements**

Plaintiff contends that the ALJ improperly discounted the statements of lay witness Bill Snyder. (Joint Stip. at 15.) On February 14, 2008, Mr. Snyder, a friend of Plaintiff, completed a Third Party Function Report, detailing his observations of Plaintiff's abilities and daily activities. (AR at 184-191.) The ALJ found that Mr. Snyder was not fully credible for the following reasons: (1) the report merely "mirrors" Plaintiff's function report and allegations; (2) Mr. Snyder is not a medical professional and therefore "is not competent to make a diagnosis or

argue the severity of the claimant's symptoms in her relationship to her ability to work;" and (3) as Plaintiff's friend, "he has the camaraderie and pecuniary motivation to be helpful to the claimant so she can receive benefits." (AR at 13.)

A lay witness can provide testimony about Plaintiff's symptoms and limitations. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). Appropriate reasons include testimony unsupported by the medical record or other evidence and inconsistent testimony. *Lewis*, 236 F.3d at 512.

Although the ALJ has a duty to consider lay witness testimony, the ALJ is not required to address each witness "on an individualized witness-by-witness basis," and may reject lay testimony predicated upon reports of a claimant properly found not credible. *Molina v. Astrue*, --- F.3d ---, 2012 WL 1071637 at *7 (9th Cir. April 2, 2012) (citing *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009)). An ALJ's omission of lay testimony is harmless when it is "inconsequential to the ultimate nondisability determination." *Id.* at *13 (citing *Carmickle v. Comm'r, Soc. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

As discussed in detail above, the ALJ properly discredited Plaintiff's testimony. Mr. Snyder's report provides essentially the same information regarding Plaintiff's alleged symptoms and limitations as Plaintiff's testimony and does not describe any

limitations beyond those Plaintiff herself described. (*See* AR at 184-191.) Accordingly, the ALJ properly rejected the lay witness report under the standards established in *Molina*. 2012 WL 1071637, at *7; *see also Valentine*, 574 F.3d at 694 (holding that because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony"). Furthermore, to establish reversible error, Plaintiff must specifically show that Mr. Snyder's testimony, if credited, would alter the ultimate nondisability determination. *Id.* at *9. (citing *Robbins v. Barnhart*, 466 F.3d 880, 885 (9th Cir. 2005) (reaffirming that an ALJ's decision will be reversed when omitted lay testimony, if credited, leads to a different disability conclusion)). Plaintiff has not made any such showing.

In addition, unlike lay *testimony*, there is no controlling precedent requiring an ALJ to explicitly address *written* statements, such as the Third Party Function Report in this case. Indeed, it is clear that an ALJ is not required to discuss all evidence in the record in detail. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Accordingly, Plaintiff's claim is without merit.

//
//
//
//
//
//

**IV.   Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED** and the action is **DISMISSED** with prejudice.

Dated: April 25, 2012

_____
Marc L. Goldman
United States Magistrate Judge

11